#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| v. | : | **CRIMINAL No. 19-468-1** |
| | : | |
| | : | |
| **BRYANA MILLER** | : | |

#### DEFENDANT BRYANA MILLER'S SENTENCING MEMORANDUM

Defendant, Bryana Miller, by and through her attorney, Richard Coble, hereby submits this Sentencing Memorandum for this Honorable Court's consideration prior to and during the sentencing of Defendant and in support thereof avers as follows:

1. On or about January 22, 2020, Defendant, Bryana Miller, entered a plea of guilty to felony offenses: three counts of Distribution/Attempted Distribution of Child Pornography and one count of Possession of Child Pornography.

2. Sentencing is set for November 10, 2020.

3. When determining the appropriate sentence this Court is not required to impose the recommended guideline range; rather, this Court must impose "a sentence sufficient, but not greater than necessary" to comply with 18 U.S.C. Section 3553. The recommended guideline range is only one of the factors that a Court should consider when imposing a sentence. Gall v. United States, 552 U.S. 38, 59 (2007); also see Kimborough v. United States, 552 U.S. 85, 90-91 (2007); also see United States v. Booker, 543 U.S. 220, 245 (2005). The United States Supreme Court further instructed the district courts to "impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing" and to consider the factors laid out in 18 U.S.C. Section 3553. Kimborough, 552 U.S. at 101 (citing 18 U.S.C. Section 3553(a)).

4. Although all federal crimes are serious, "the punishment should fit the offender and not merely the crime." Pepper v. United States, 131 S.Ct. 1229, 1240 (2011).

## I. SENTENCING GUIDELINES

5. The advisory sentencing guidelines as follows:

| | |
|---|---:|
| Base; §2G2.2(a)(2): | 22 |
| Victims under 12 years old; §2G2.2(b)(2): | + 2 |
| Knowingly engaged in distribution; §2G2.2(b)(3)(F): | + 2 |
| Exploitation of infant or toddler; §2G2.2(b)(4)(A) and (B): | + 4 |
| Use of computer; §2G2.2(b)(6): | + 2 |
| Over 600 images; §2G2.2(b)(7)(D): | + 5 |
| Acceptance of responsibility; §3E1.1(a): | - 2 |
| Acceptance of responsibility-timely notification; §3E1.1(b): | - 1 |
| TOTAL OFFENSE LEVEL: | 34 |

6. Ms. Miller is in Criminal History Category I as she has no prior convictions. The guideline for an offense level 22 with a Criminal History Category I is an advisory sentencing range of 151-188 months imprisonment. The counts of Distribution/Attempted Distribution of Child Pornography require a minimum term of 5 years imprisonment.

## II. SENTENCING FACTORS AS APPLIED TO MS. MILLER

7. When determining the appropriate sentence of Ms. Miller, this Honorable Court must consider the factors in 18 U.S.C. § 3553(a), including:

1) the nature and circumstances of the offense and the history and characteristics of Ms. Miller;

2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant and to

    provide the defendant with the needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

3) the kinds of sentences available;

4) the need to provide restitution to any victims of the offense;

5) the pertinent policy statements issued by the Sentencing Commission;

6) the need to avoid unwarranted sentencing disparities; and

7) the sentencing ranges promulgated by the Sentencing Commission and Guidelines.

18 U.S.C. § 3553(a)(1)(2)(3)(40(5)(6)(7); Booker, 543 U.S. at 245.

**A.** **Ms. Miller's History and Characteristics**

8. Ms. Miller is a twenty-two (22) year old woman, with no prior convictions in state or federal court.

9. Ms. Miller is unmarried and she does not have children.

10. Ms. Miller's parents are alive and in good health; Darrell Miller, 44, of Philadelphia, Pennsylvania, and Ayana Graham, 46, of Upper Darby, Pennsylvania. Her parents separated when she was 8 years old due to domestic strife and alcohol abuse.

11. Ms. Miller mainly lived with her mother after the separation but did attempt to live with her father for a year before moving back. Beyond this one year, Ms. Miller's father provided no support to her, whether financial or emotional.

12. Ms. Miller has 6 siblings in total, 3 older siblings, Kwadearah Graham, Hymeke Townes, and Tyreke Townes, and 3 younger siblings who lived with her and her mother, Anaya Miller, Zahbree Triplin, and Ayva Triplin.

13. Ms. Miller also lived with her maternal grandfather, Joseph Helm, with whom she enjoys a very close relationship. It is the same for Ms. Miller and her paternal grandmother,

Pauline Higgins, who was responsible for caring for her and her sisters while their mother worked her jobs to support the family by herself.

14. Ms. Miller attended Agora Cyber-Charter School from 2012 until 2015 but did not complete due to an issue with her residency and a lack of educational support which led to poor grades. However, Ms. Miller has since started the program to obtain her GED.

15. Prior to her arrest, Ms. Miller was working as a housekeeper for Sterling Healthcare Rehabilitation Center, a rehabilitation, memory care, and nursing care facility in Media, PA.

16. Prior to the instant offenses, Ms. Miller led a normal life and healthy balance of work and family life.

17. Unfortunately, Ms. Miller also struggled with demons from her childhood, stemming from sexual abuse she suffered at the hands of her own brother. This untreated trauma triggered Ms. Miller to lash out and search for materials such as those for which she has pled guilty.

18. Since the beginning of the FBI's investigation, Ms. Miller has expressed remorse and accepted responsibility for her actions. She has recognized the significant impact her actions have had, not only on her life, but on the lives of innocent persons such as the victims and even her own loved ones.

19. Ms. Miller has taken responsibility for her actions, pled guilty to all counts of the information, and cooperated with the Government in all manners requested, including two voluntary interviews with the FBI and even a polygraph examination.

  **B.**  <u>**Nature of the Offense**</u>

  21. The crimes to which Ms. Miller has pled guilty are serious offenses and she has taken full responsibility for them. Ms. Miller pled guilty to three counts of Distribution/Attempted Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

  22. By way of background, Ms. Miller possessed and uploaded images of child pornography to her personal blogs on the website Tumblr.

  **C.**  <u>**The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Deterrence to Criminal Conduct, Protect the Public from Further Crimes of the Defendant and to Provide the Defendant with the Needed Educational or Vocational Training, Medical Care in the Most Effective Manner.**</u>

  23. The sentence imposed must reflect the seriousness of the crimes committed. However given Ms. Miller's lack of prior criminal history and her true remorse and regret, this Court can be assured that Ms. Miller will not have any future contact with any criminal court.

  24. Ms. Miller understands the severity of the crimes to which she pled guilty. She has extensively self-examined her actions and gone over the acts and their unforeseen consequences to unseen victims with the investigating agents during their interviews.

  25. Ms. Miller has pled guilty, knowing the severe consequences her plea could have during sentencing. Despite the grave consequences permitted under the law, Ms. Miller owned up to her wrongdoing, cooperated with the Government during its investigation and pled guilty in a timely manner. She looks to the mercy of this Honorable Court to provide a just sentencing given the facts described supra.

  26. Ms. Miller has accepted responsibility and now will be branded as a felon when applying for housing, employment, governmental positions and/or community service activities.

The limitations the label itself puts on Ms. Miller at such a young age is severe, punishing, and an ultimate deterrent for any future offenses.

27. Finally, Ms. Miller is not a danger to the community at large and the chance of recidivism is nil. Ms. Miller has many loved ones who are supporting her through this ordeal and will continue to do so once she is released. This plea will take Ms. Miller away from her family, her mother, grandparents, and younger siblings for at least five years. This Honorable Court should find that Ms. Miller's distribution and possession of child pornography justifies the minimum required under the law and, without diminishing the gravity of the offense, requires no more than the minimum to impart the lesson the penal system has sought to teach.

### D. The Kinds of Sentences Available

28. This Court has complete discretion in determining the appropriate sentence. The Government has included in the plea facts and circumstances lowering the guidelines in this case i.e. USSG § 3E1.1(a) and (b), including acceptance of responsibility and acceptance of responsibility with a timely notification of intent to plead guilty. Ms. Miller accepts that a minimum term of incarceration is mandated under the law and urges this Honorable Court to sentence her to the minimum of five (5) years' incarceration.

### E. The Need to Provide Restitution to Any Victims of the Offense

29. Ms. Miller acknowledges that there are a number of victims related to the offenses to which she has pled guilty.

30. Ms. Miller accepts responsibility for her actions but the victims are not of the restitution category and instead are victims of the demand for sexual exploitation of children in which Ms. Miller participated.

31. As further explained by the Pre-Sentence Report, Ms. Miller has no assets, whether they be bank accounts, motor vehicles, or real estate. Pursuant to <u>Paroline v. United States</u>, 134 S. Ct. 1710 (2014), Ms. Miller's limited assets permits this Honorable Court to waive any required fine associated with the conviction.

32. Despite this, Ms. Miller fully understands the nature of her offense and will continue to work while incarcerated so she can participate in the Bureau of Prisons Inmate Financial Responsibility Program and contribute a portion of her monthly prison work earnings toward any due fines and restitution.

## II. CONCLUSION

Considering all of the above factors, Ms. Miller respectfully requests this Honorable Court to vary from the applicable guideline range and sentence Ms. Miller to the mandatory minimum sentence of five (5) years in prison with credit for time served, followed by supervised release for any period of time that this Court deems appropriate.

Respectfully submitted,

Date:  10/26/2020

*Richard Coble*

Richard Coble
Attorney for Defendant
Pennsylvania Bar ID #: 322310
1219 Spruce Street,
Philadelphia, PA 19107
rcoble@mtvlaw.com
P: (215)-546-1000
F: (215)-546-8529

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.   : | **CRIMINAL No. 19-468-1** |
| : | |
| **BRYANA MILLER** : | |

## CERTIFICATE OF SERVICE

I, Richard Coble, Esquire, do hereby certify that service of a true and correct copy of Defendant Bryana Miller's Sentencing Memorandum has been served by ECF filing and email upon:

AUSA Karen Grigsby
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

**VAN DER VEEN, O'NEILL, HARTSHORN, AND LEVIN**

Date: 10/26/2020      *Richard Coble*

Richard Coble
Attorney for Defendant
I.D. No. 322310
1219 Spruce Street
Philadelphia, PA 19107
E: rcoble@mtvlaw.com
P: 215-546-1000
F: 215-546-8529